IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-13303-HH

LEE ANNE SAVOIA-MCHUGH,
JOHN SAVOIA-MCHUGH,

                        Plaintiffs - Appellees,

versus

MICHAEL S. GLASS,

                        Defendant - Appellant,

PHILIP KRISPIN, et al.,

                        Defendants.

Appeal from the United States District Court
for the Northern District of Florida

Before: JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

      Upon our review of the record and the parties' responses to the jurisdictional questions and supplemental jurisdictional questions, Appellees' motion for leave to file a second amended complaint to correct the deficient allegations of citizenship is GRANTED. We deem the complaint amended to reflect that the members of Eastern Union Funding, LLC ("Eastern Union"), Abraham Bergman and Ira Zlotowitz, are citizens of New York; Eastern Union is therefore a citizen of New York; John W. McCrary is a citizen of Texas and is the sole member of Santa Fe Capital, LLC ("Santa Fe"); and Santa Fe is therefore a citizen of Texas. *See* 28 U.S.C. § 1653; *Travaglio v. Am.*

*Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

With the second amended complaint, the record now establishes that the parties were diverse and the district court had subject matter jurisdiction over this action in the first instance. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Appellees are DIRECTED to file notice of this order in the district court, along with a copy of the second amended complaint.

As to the finality issues, Appellees' stipulation of voluntary dismissal of their claims against Philip Krispin was ineffective under Federal Rule of Civil Procedure 41(a)(1) because Krispin had already answered the amended complaint, and the stipulation was not signed by all parties that had appeared. *See* Fed. R. Civ. P. 41(a)(1)(A). However, we construe Appellees' stipulation of voluntary dismissal of their claims against Philip Krispin as a motion for dismissal by court order pursuant to Rule 41(a)(2), which the district court granted on May 5, 2022. *See Plains Growers, ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (providing that where a dismissal under Rule 41(a)(1) fails, it may be considered a motion under Rule 41(a)(2)).

Additionally, as Appellees concede, the voluntary dismissal of Counts 20, 22, 24, and 27 was ineffective under Rule 41(a). *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). However, the action was nevertheless rendered final by the district court's dismissal of McCrary and Santa Fe for lack of personal jurisdiction; the court's dismissals of Krispin and Eastern Union, as construed under Rule 41(a)(2); and the court's default judgment against Appellant. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that a final

2

judgment is one that typically ends the litigation on the merits and leaves nothing for the court to do but execute judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (stating that an order that disposes of fewer than all claims against all parties is generally not final or immediately appealable).  Accordingly, this appeal MAY PROCEED.